UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD WOLF and DOROTHY WOLF,

         Plaintiffs,

   -against-

GENERAL MOTORS CORPORATION, *et al.*,

         Defendants.
------------------------------------------------------------X

Docket No.: 08-CV-6168

**DEFENDANT DEMANDS A JURY TRIAL**

<u>**VERIFIED ANSWER OF GENERAL MOTORS CORPORATION**</u>

  Defendant, GENERAL MOTORS CORPORATION ("GM"), by its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, as and for its Verified Answer to Plaintiffs' Verified Complaint ("the Complaint"), alleges upon information and belief, the following:

  1. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  2. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  3. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  4. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  5. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  6. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  7. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

  8. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

9. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

10. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

11. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

12. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

13. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

14. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

15. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

16. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

17. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

18. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

19. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

20. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

21. Answering defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of plaintiffs' Verified Complaint.

Defendant, GENERAL MOTORS CORPORATION, denies all material allegations as alleged against GENERAL MOTORS CORPORATION as alleged in NYAL-Weitz & Luxenberg, P.C. Standard Asbestos Complaint for Personal Injury No.: 7 and GENERAL MOTORS CORPORATION admits that it is a Delaware Corporation with a principal place of business in the State of Michigan.

## AFFIRMATIVE DEFENSES

Defendant GM incorporates by reference the affirmative defenses it has asserted in other New York Asbestos Litigation actions, including but not limited to:

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

22. The venue of this action is improper.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

23. Plaintiffs' Complaint fails to set forth a cause of action upon which relief can be granted.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

24. Plaintiffs' cause of action may be barred by the applicable Statute of Limitations.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

25. GM was not negligent.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

26. GM did not engage in misconduct or willful misconduct.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

27. GM did not act with wanton disregard for the rights, safety, and position of the Plaintiff or any other person.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

28. GM did not distort or cause to be distorted any medical examination, results, or data.

### AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

29. GM did not edit or alter medical literature.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

30. GM did not attempt to prevent the publication of medical literature.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

31. GM did not distort or cause to be distorted medical information.

### AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

32. Any asbestos products which may have been sold or used by GM were not inherently defective, ultra hazardous, dangerous, deleterious, poisonous, and/or otherwise legally harmful.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

33. Any asbestos products which may have been sold or used by GM were not unsafe.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

34. Any asbestos products which may have been sold or used by GM were not incorrectly packaged.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

35. GM did not fail to adequately test any asbestos products which it might have sold or used.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

36. Any acts or omissions of GM alleged to constitute negligence were not substantial causative factors of the injuries and/or losses alleged to have been sustained.

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

37. The injuries and/or losses alleged to have been sustained were caused entirely by or contributed to by the negligent acts or omission of individuals and/or entities other than GM.

### AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

38. Any asbestos products which may have been sold or used by GM may have been substantially changed in their condition after said products left the possession of GM.

### AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

39. GM provided all necessary, required, and adequate warnings or instructions.

### AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

40. Negligent acts and/or omissions of individuals and/or entities other than GM constituted intervening and/or superseding acts of negligence.

### AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

41. GM extended no warranty to the Plaintiff.

### AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

42. GM did not breach any warranty or warranties it may have extended.

### AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

43. Plaintiff failed to provide GM with proper and timely notice of any alleged breached warranty.

### AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

44. GM did not take part in and was not a part of or party to any conspiracy.

### AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

GM did not make any misrepresentation and/or commit any fraudulent acts.

### AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

45. GM did not distribute its products without proper and adequate identification labeling.

### AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

46. Any asbestos products which may have been sold and/or used by GM were not within the exclusive control of GM.

### AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

47. GM entered into no tacit agreement and/or industry wide standards or procedures as alleged.

### AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

48. The imposition of punitive damages violates the Due Process Clause of the United States Constitution and the Constitution of the State of New York.

### AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

49. The imposition of punitive damages violates the Equal Protection Clause the United States Constitution and the Constitution of the State of New York.

### AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

50. GM did not act through any trade association or jointly with other defendant.

### AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

51. The equitable share of this Defendant's joint liability, if any, is limited by the statutory operation of New York Civil Practice Law and Rules ("C.P.L.R.") §1601.

### AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

52. In the event Plaintiff recovers a verdict or judgment against this Defendant, then said verdict or judgment must be reduced pursuant to C.P.L.R. § 4545(C) by those amounts which have replaced or indemnified or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

### AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

53. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, GM will be entitled to protection under New York General Obligations Law § 15-108 and the corresponding reduction of any damages which may be determined to be due against GM.

### AS AND FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

54. The imposition of punitive damages violates the United States Constitution's Eighth Amendment guarantee against excessive fines.

### AS AND FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

55. That insofar as the Complaint and each cause of action considered separately, alleges a cause of action accruing before September 1, 1975, any recovery by plaintiffs for each such cause of action is barred by reason of contributory negligence or assumption of risk of plaintiffs.

### AS AND FOR A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

56. All causes of action pleaded in the Complaint have not been maintained in a timely fashion and each plaintiff has neglected same and should be barred by the doctrine of laches.

### AS AND FOR A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

57. All claims brought under New York Law, L. 1986 C. 682 §4 (enacted July 31, 1986) are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New York.

### AS AND FOR A THIRTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

58. This action must be dismissed because plaintiffs have not joined necessary parties to the adjudication of the claims asserted in the Complaint, in whose absence complete relief cannot be accorded and whose absence impedes the ability of this answering defendant, to protect its interests.

### AS AND FOR A THIRTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

59. In the event plaintiffs were employed by any of the defendants herein, then plaintiffs' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

### AS AND FOR A FORTIETH , SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

60. That at all of the times during the conduct of its corporate operations, the agents, servants or employees of this answering defendant utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

### AS AND FOR A FORTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

61. Plaintiffs lack the requisite capacity, standing and authority to bring this action, as plaintiffs are not real parties in interest.

### AS AND FOR A FORTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

62. That to the extent any plaintiffs seek to maintain causes of action on behalf of any decedents, said plaintiffs lack capacity and/or standing to maintain such causes of action against defendant, GM.

### AS AND FOR A FORTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

63. Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the Complaint.

### AS AND FOR A FORTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

64. That the issues raised in this action have previously been determined and this action is barred in whole or in part by the doctrine of collateral estoppel.

### AS AND FOR A FORTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

65. The within action cannot be maintained as there is another, virtually identical action, brought by plaintiffs currently pending.

### AS AND FOR A FORTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

66. The damages allegedly sustained by the plaintiffs were caused; in whole or in part, through the operation of nature.

### AS AND FOR A FORTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

67. All defenses which have been or will be asserted by other defendants and/or any defendants in this action, are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Complaint. In addition, defendant, GM, will rely upon any and all other defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

### AS AND FOR A FORTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

68. At all times alleged in the Complaint, GENERAL MOTORS CORPORATION followed the plans, specifications and contracts set by a governmental body and did not deviate from said plans, specifications and contracts and is thus cloaked with immunity.

### AS AND FOR A CROSS CLAIM AGAINST CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

69. That if Plaintiffs sustained the injuries and damages in the manner and at the time and place alleged and if it is found that the answering Defendant is liable to Plaintiffs herein, all of which is specifically denied, then said answering Defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution and/or indemnification from any judgment, over and against all Co-Defendants, for all or part of any verdict that Plaintiffs may recover against the answering Defendant.

**WHEREFORE**, Defendant GM demands judgment dismissing Plaintiffs' Complaint against it, and further demands that in the event said answering Defendant is found liable to Plaintiffs herein, then said answering Defendant, on the basis of apportionment of responsibility, have judgment over and against the aforementioned Co-Defendants for all or part of the verdict or judgment against said answering Defendant, together with the costs and disbursements of this action.

Dated: New York, New York
July 11, 2008

          LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO

By: _____
      Timothy J. McHugh, Esq. (TM 3353)
Attorneys for Defendant
GENERAL MOTORS CORPORATION
420 Lexington Avenue, Suite 2900
Graybar Building
New York, New York 10170
(212) 319-6898
**Our File No.: 7603-94685**

TO:    WEITZ & LUXENBERG, P.C.
        Attorneys for Plaintiffs
        180 Maiden Lane
        New York, New York 10038
        (212) 558-5500

## VERIFICATION

| | |
|---|---|
| STATE OF NEW YORK | ) |
|  | )  ss.: |
| COUNTY OF NEW YORK | ) |

**TIMOTHY J. McHUGH, ESQ.**, an attorney admitted to practice law in the Courts of this State, states the following: I am an associate of the law firm of LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, the attorneys of record for defendant, General Motors Corporation, in the within action. I have read the foregoing Verified Answer and know the contents thereof; the same is true to my knowledge except to those matters therein stated as alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by General Motors Corporation that the defendants maintain their place of business in a county other than the county where my office is located.

_____
TIMOTHY J. McHUGH, ESQ.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )

  I, Nina M. Trentacosta, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Nassau County, New York.

  On July 14, 2008, deponent served the within **VERIFIED ANSWER OF GENERAL MOTORS CORPORATION** upon:

WEITZ & LUXENBERG, P.C.                All Known Defense Counsel on attached service
Attorneys for Plaintiffs                                rider
180 Maiden Lane
New York, New York  10038

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
NINA M. TRENTACOSTA

Sworn to before me this
14th day of July, 2008.

_____
NOTARY PUBLIC

TRACEY WHISNANT
Commissioner of Deeds
City of New York - No. 4-5369
Certificate Filed in New York County
Commission Expires May 1, 2020

## DONALD WOLF DEFENSE SERVICE RIDER

Nancy McDonald, Esq.
McElroy, Deutch & Mulvaney
1300 Mount Kembel Avenue
Morristown, New Jersey 07962-2075
**Counsel for A.O. Smith Water Products Co.**

William Bradley, Esq.
Malaby, Carlisle & Bradley, LLC
150 Broadway
New York, New York 10038
**Counsel for Aqua-Chem, Inc., CBS Corporation, a Delaware Corp., f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania Corp., f/k/a Westinghouse Electric Corp., Cleaver Brooks Co. J.H. France Refractories Co., Warren Pumps, Inc. and Weil-McLain, a division of The Marley Co.**

Edward Wilbraham, Esq.
John Howarth, Esq.
Wilbraham, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, PA 19103
**Counsel for Buffalo Pumps, Inc.**

John J. Fanning, Esq.
Cullen & Dykman
177 Montague Street
Brooklyn, New York 11201
**Counsel for Burnham, LLC, as successor to Burnham Corp., Goulds Pumps, Inc. and Leslie Controls, Inc.**

Judith Yavitz, Esq.
Reed Smith, LLP.
599 Lexington Avenue
New York, New York
**Counsel for Certain-Teed Corp.**

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC.
2430 Route 34
Manasquan, New Jersey 08736
**Counsel for Ingersoll-Rand Co.**

Philip Goldstein, Esq.
McGuire Woods, LLP.
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
**Counsel for ITT Industries & Trane U.S. Inc. f/k/a American Standard, Inc.**

Julie Evans, Esq.
Erik C. DiMarco, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
150 East 42nd Street
New York, New York 10017-5639
**Counsel for A.W. Chesterton Co., Carrier Corp., as successor in interest to Bryant Heating & Cooling Systems and Bryant Heating & Cooling Systems**

Theodore Eder, Esq.
Chris Gannon, Esq.
Rob Kenney, Esq.
Segal, McCambridge, Singer & Mahoney
830 Third Avenue, Suite 400
New York, New York 10022
**Counsel for BW/IP International, Inc. f/k/a Borg-Warner Industrial Products, successor to Byron Jackson Pumps, Garlock Sealing Technologies LLC f/k/a Garlock, Inc. and H.B. Fuller, Co.**

Art Bromberg, Esq.
Weiner Lesniak, LLP.
629 Parisppany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
**Counsel for BMCE, Inc. f/k/a United Centrifugal Pump**

Kirsten Kneis, Esq.
Kirkpatrick & Lockhart, Nicholson Graham, LLP
One Newark Center, 10th Floor
Newark, New Jersey 07102
**Counsel for Crane Co & Crane Pumps**

Steve Kevelson, Esq.
One Cozine Avenue
Brooklyn, New York 11201
**Counsel for Empire Ace Insulation Mfg. Corp.**

Joseph Colao, Esq.
Helen Chung, Esq.
Leader & Berkon, LLP.
630 3rd Avenue, 17th Floor
New York, New York 10017
**Counsel for IMO Industries, Inc.**

Richard Marin, Esq.
Marin Goodman, LLP.
40 Wall Street
New York, New York 10005
**Counsel for Keeler/Dorr-Oliver Boiler Co.**

Paul A. Scrudato, Esq.
Schiff Hardin & Waite
623 Fifth Avenue, Suite 2800
New York, New York 10022
**Counsel for Owens-Illinois, Inc.**

James M. Skelly, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
530 Saw Mill River Road
Elmsford, New York 10523
**Counsel for Premier Refractories, Inc. f/k/a Adience/BMI**

Linda Yassky, Esq.
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
**Counsel for Rapid American Corporation**

John Ronca, Jr., Esq.
Ronca, McDonald & Hanley
5 South Regent Street, Suite 517
Livingston, New Jersey 07039
**Counsel for York Industries Corp.**

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
**Counsel for Kohler Co.**

Adam J. Kipins, Esq.
Barbara Hopkins Kelly, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
33 Washington Street
Newark, New Jersey 07102-5003
**Counsel for Oakfabco, Inc.**

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
**Counsel for The Fairbanks Co. & National Boiler Works, Inc.**

Lori Elliot Guzman, Esq.
Hutton & Williams
Riverfront Plaza East Tower
951 East Byrd Street
Richmond, VA 23219
**Counsel for Reynolds Metals Co., as successor in interest to Atlantic Asbestos Corp.**